Client 188 / Matter 3688

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EILEEN FORREST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. |
| | ) | |
| BEERMANN SWERDLOVE LLP, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

NOW COMES the plaintiff, Eileen Forrest ("Eileen"), by her attorneys, DAVID A. NOVOSELSKY, BRIAN A. SCHROEDER, and EDWARD J. STAWICKI, and for her Complaint states as follows:

## PRELIMINARY STATEMENT

1. Count I of this action seeks declaratory and equitable relief and a preliminary and permanent injunction against Beermann from initiating further proceedings within case number 05 D3 30620 or otherwise to collect attorney fees pursuant to an unconstitutional statute; namely 750 ILCS 5/508(c). By virtue of 750 ILCS 5/508(c), Eileen has been summarily barred from exercising her contract rights with N.E.2d Beermann as guaranteed by the Constitution of the United States and the laws of the United States including, but not limited to, 42 U.S.C. §1983 which, *inter alia*, bars state action by conduct or enactment of law which impairs, restricts, or damages the right

of any citizen of the United States to enjoy their right of contract and enjoy their property rights that are inherent in the right of contract.

2. Count II of this action seeks a declaratory judgment that 750 ILCS 5/508(c) is unconstitutional special legislation in violation of Article IV, Section 13 of the Illinois Constitution.

3. Count III of this action seeks a judgment against Beermann for attorney malpractice under Illinois law.

## JURISDICTION AND VENUE

4. Count I of this action is based on Article I and Article IV of the United States Constitution, the Fourth, Fifth, Seventh, Thirteenth and Fourteenth Amendments of the United States Constitution, and Illinois law.

5. This court has jurisdiction to hear claims for equitable relief pursuant to 28 U.S.C. § 1343(a)(3), jurisdiction to hear § 1983 claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction of all state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §1331 because Plaintiffs assert claims pursuant to 42 U.S.C. §1983. This Court further has subject matter jurisdiction over the state law claim under the common law of the State of Illinois pursuant to its supplementary or ancillary jurisdiction.

7. Venue is appropriate in this District as all Defendants are subject to personal jurisdiction in this District and as the events giving rise to this cause of action occurred within this District. (See 28 U.S.C. § 1391.)

## PARTIES

8. Eileen Forrest is a citizen of the State of Illinois.

9. Based on information and belief, Beermann is a limited liability partnership, has its principal place of business in Chicago, Illinois, and does business within the City of Chicago, Illinois.

## FACTS COMMON TO ALL COUNTS

10. On April 17, 2006, and in the Circuit Court of Cook County, Illinois, a Judgment of Dissolution for Marriage was entered by the Honorable Judge Samuel Betar, that dissolved the marriage of Eileen Forrest and Sean Forrest.

11. Pursuant to agreement, the matter was transferred from the Third Municipal District to the First Municipal District and was assigned to the Honorable Raul Vega for post decree issues.

12. On or about May 6, 2007 Eileen retained the services of Beermann in connection with the post decree issues.

13. While Beermann represented Eileen, the Beermann defendants allowed a Petition for Indirect Civil Contempt to remaining pending against Eileen for almost two years even though said Petition was defective on its face. Furthermore, the Beermann defendants failed to adequately protect and advance Eileen's visitation rights and enforce Sean Forrest's support, maintenance and college tuition obligations.

14. On July 30, 2010 Beermann was granted leave to withdraw as counsel for Eileen.

15. On August 27, 2010 Beermann brought a Petition to Set Final Fees and Costs pursuant to 750 ILCS 5/508(c).

16. Paragraph 9 of Beermann's Petition states as follows:

EILEEN paid a retainer of $10,000.00 to the Beermann firm at the onset of this action and has subsequently paid the Beermann firm an additional $140,997.35. Attorneys fees and costs incurred by the Beermann firm on behalf of EILEEN which remain outstanding, after application of all payments, total $89,653.72 through July 30, 2010.

## COUNT I
### VIOLATION OF THE CONTRACTS CLAUSE, THE FIFTH, SEVENTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, AND VIOLATION OF 42 U.S.C. §1983

17. Eileen readopts and realleges paragraphs 1 through 16 above as if fully set forth herein as paragraph 17 of this Count I.

18. Beermann's claim for attorney fees is based on 750 ILCS 5/508(c).

19. 750 ILCS 5/508(c) provides, in pertinent part, that:

Sec. 508. Attorney's Fees, *Client's Rights* and Responsibilities *Respecting Fees* and Costs.

(c) Final hearings for attorney's fees and costs against an attorney's own client, pursuant to a Petition for Setting Final Fees and Costs of either a counsel or a client, shall be governed by the following:

(1) No petition of a counsel of record may be filed against a client unless the filing counsel previously has been granted leave to withdraw as counsel of record or has filed a motion for leave to withdraw as counsel. On receipt of a petition of a client under this subsection (c), the counsel of record shall promptly file a motion for leave to withdraw as counsel. If the client and the counsel of record agree, however, a hearing on the motion for leave to withdraw as counsel filed pursuant to this subdivision (c)(1) may be deferred until completion of any alternative dispute resolution procedure under subdivision (c)(4). As to any Petition for Setting Final Fees and Costs against a client or counsel over whom the court has not obtained jurisdiction, a separate summons shall issue. Whenever a separate summons is not required, original notice as to a Petition for Setting Final Fees and

Costs may be given, and documents served, in accordance with Illinois Supreme Court Rules 11 and 12.

(2) No final hearing under this subsection (c) is permitted unless: (i) the counsel and the client had entered into a written engagement agreement at the time the client retained the counsel (or reasonably soon thereafter) and the agreement meets the requirements of subsection (f); (ii) the written engagement agreement is attached to an affidavit of counsel that is filed with the petition or with the counsel's response to a client's petition; (iii) judgment in any contribution hearing on behalf of the client has been entered or the right to a contribution hearing under subsection (j) of Section 503 has been waived; (iv) the counsel has withdrawn as counsel of record; and (v) the petition seeks adjudication of all unresolved claims for fees and costs between the counsel and the client. Irrespective of a Petition for Setting Final Fees and Costs being heard in conjunction with an original proceeding under this Act, ***the relief requested under a Petition for Setting Final Fees and Costs constitutes a distinct cause of action***. A pending but undetermined Petition for Setting Final Fees and Costs shall not affect appealability of any judgment or other adjudication in the original proceeding.

(3) ***The determination of reasonable attorney's fees and costs either under this subsection*** (c), whether initiated by a counsel or a client, or in an independent proceeding for services within the scope of subdivisions (1) through (5) of subsection (a), ***is within the sound discretion of the trial court***. The court shall first consider the written engagement agreement and, if the court finds that the former client and the filing counsel, pursuant to their written engagement agreement, entered into a contract which meets applicable requirements of court rules and addresses all material terms, then the contract shall be enforceable in accordance with its terms, subject to the further requirements of this subdivision (c)(3). Before ordering enforcement, however, the court shall consider the performance pursuant to the contract. Any amount awarded by the court must be found to be fair compensation for the services, pursuant to the contract, that the court finds were reasonable and necessary. Quantum meruit principles shall govern any award for legal services performed that is not based on the terms of the written engagement agreement (except that, if a court expressly finds in a particular case that aggregate billings to a client were unconscionably excessive, the court in its discretion may reduce the award otherwise determined appropriate or deny fees altogether). (Emphasis added.)

20.     Plaintiff has a right to due process of law, the right to the equal protection of the law, and the right to a jury trial under the United States Constitution.

21. The Illinois statute relied upon by Beermann in its petition, namely 750 ILCS 5/508(c), is unconstitutional on its face because it deprives plaintiff of her right to a trial by jury and unduly limits her ability to exercise her contractual and due process rights before the Court makes an award of attorney fees.

22. Eileen did not waive her right to a jury trial or her contractual and due process rights to contest the enforcement of the retainer agreement against her.

23. The Fifth Amendment of the United States Constitution provides that no person shall be deprived of property without due process of law.

24. The Seventh Amendment of the United States Constitution provides that the plaintiff shall have a right to a trial by jury in civil cases.

25. The Fourteenth Amendment makes the Fifth Amendment and the Seventh applicable Amendment to the States.

26. Beermann is seeking to use 750 ILCS 5/508(c) to vitiate Eileen's contract rights, right to a jury trial, and deprive Eileen of her property without due process of law.

27. Such a statute is unconstitutional on its face since it deprives Eileen of her right to due process before a government order takes her property and gives it to a person who is not a party to the litigation.

28. 750 ILCS 5/508(c) is invalid as it lacks a significant and legitimate public purpose. Any such purpose must be one aimed at remedying an important general social or economic problem rather than providing the purpose of these enactments, a benefit to special interests or, as in the present case, to provide a financial benefit and advantage to family law attorneys.

WHEREFORE, Eileen Forrest respectfully submits that 750 ILCS 5/508(c) is in violation of Eileen's rights under the Contract Clause as well as the Fifth, Seventh, and Fourteenth Amendments of the Constitution of the United States, and thereby a violation of 42U.S.C. §1983. Plaintiff asks that this Court grant them the following relief:

A. Enter a preliminary and permanent injunction prohibiting the enforcement of 750 ILCS 5/508(c);

B. Declare 750 ILCS 5/508(c) invalid and in violation of the Constitution of the United States and the laws of the United States and hold it to be of no force or effect;

C. Award Eileen her costs and reasonable attorney's fees incurred in prosecuting this cause of action; and

D. Grant whatever other relief this Court shall deem just and appropriate.

## COUNT II

### DECLARATORY JUDGMENT OF UNCONSTITUTIONALITY UNDER THE ILLINOIS CONSTITUTION

29. Plaintiff readopts and realleges paragraphs 1 through 28 above as if fully set forth herein as paragraph 29 of this Count II.

30. Article IV, Section 13 of the Illinois Constitution states "the General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter for judicial determination."

31. The Illinois statute relied upon by Beermann in its petition, namely 750 ILCS 5/508(c), is unconstitutional special legislation, in that it discriminates in favor of a select group of individuals, namely attorneys who practice in the field of matrimonial law. There is no valid basis for this discrimination, in that Beermann's claim for attorney fees is nothing more than a breach of contract claim, and there is no reason why a claim for the reasonable value of services rendered by an attorney should be treated any differently than a claim for the reasonable value of services rendered by anyone else.

32. Based on 28 U.S.C. § 2201, this Court can and should enter a declaratory judgment that 750 ILCS 5/508(c), is unconstitutional because there is a substantial controversy between the parties hereto, the parties have adverse legal interests, and the controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

WHEREFORE, Eileen Forrest respectfully submits that 750 ILCS 5/508(c) is in violation of Eileen's rights under Article IV, Section 13 of the Illinois Constitution Plaintiff asks that this Court grant them the following relief:

E. Enter a preliminary and permanent injunction prohibiting the enforcement of 750 ILCS 5/508(c);

F. Declare 750 ILCS 5/508(c) invalid and in violation of Article IV, Section 13 of the Illinois Constitution and hold it to be of no force or effect;

G. Award Eileen her costs and reasonable attorney's fees incurred in prosecuting this cause of action; and

H. Grant whatever other relief this Court shall deem just and appropriate.

## COUNT III

## ATTORNEY MALPRACTICE
### (Illinois Law)

33.     Plaintiff readopts and realleges paragraphs 1 through 16 above as if fully set forth herein as paragraph 33 of this Count III.

34.     Pursuant to this Court's ancillary or supplemental jurisdiction, Eileen asks that this Court find that the conduct of Beermann as described herein constitutes of attorney malpractice as defined by the common law of the State of Illinois.

35.     At all times relevant, Beermann was a law firm consisting of attorneys licensed to practice law by the Supreme Court of Illinois, and this defendant was engaged in the practice of law in cook County, Illinois.

36.     At all times relevant, the Beermann defendant held itself out to members of the public as a law firm/partnership that was competent to represent members of the public in matters of civil litigation before all State and Federal Courts in Illinois.

37.     Eileen retained the defendant to represent Eileen in post degree proceedings relating to a family law case.

38.     The Beermann defendant, acting as Eileen's attorneys, owed Eileen the duty to exercise that degree of skill, learning and diligence in the representation of plaintiff as would be ordinarily employed by reasonably well-qualified attorneys specializing in civil litigation and specifically family law.

39.     The Beermann defendant breached this duty by failing to resolve the post decree issues competently and within a reasonable time. Beerman's negligent conduct

included but is not limited to having allowed a Petition for Indirect Civil Contempt to remaining pending against Eileen for almost two years even though said Petition was defective on its face. Furthermore, the Beermann defendant failed to adequately protect and advance Eileen's visitation rights and enforce Sean Forrest's support, maintenance and college tuition obligations.

40. The Beermann defendant's breach of its duties owed to Eileen caused Eileen to suffer injury in the form of the lost income, loss of her personal funds, and the unnecessary payment of attorneys fees.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of Eileen and against the Beermann Defendant in an amount of compensatory damages in excess of $75,000.00.

> Respectfully submitted,
>
> By: /s/David A. Novoselsky
> One of Plaintiff's Attorneys

David A. Novoselsky (ARDC #02069881)
Brian A. Schroeder (ARDC #06210954)
NOVOSELSKY LAW OFFICES
120 North LaSalle, Suite 1400
Chicago, Illinois 60602
312-346-8930